IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MIKITA ZACHERY, | ) |
| | ) Civil Action No. |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| ROADRUNNER SERVICES, LLC, | ) JURY TRIAL DEMANDED |
| | ) |
| Defendants. | ) |
| | ) |
| _____ | ) |

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff Mikita Zachery ("Plaintiff"), through undersigned counsel, and files this lawsuit against Defendant RoadRunner Services, LLC ("Defendant") and for her Complaint shows the following:

### I.   NATURE OF COMPLAINT

1.

Plaintiff brings this action for damages against Defendant for alleged violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et. seq.* ("Title VII").

## II.    JURISDICTION AND VENUE

2.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. §§ 1331, and 42 U.S.C. § 2000e-5(f).

## III.    PARTIES

3.

Plaintiff is a citizen of the United States of America and is subject to the jurisdiction of this Court.

4.

Defendant is qualified and licensed to do business in Georgia and at all times material hereto has conducted business within this District.  Defendant is subject to specific personal jurisdiction in this Court over the claims asserted herein.

5.

Defendant may be served with process by delivering a copy of the summons and complaint to its Registered Agent, Cogency Global Inc., 900 Old Roswell Lakes Parkway, Suite 310, Roswell, Georgia 30076.

## IV.    FACTUAL ALLEGATIONS

6.

Plaintiff began her employment with Defendant on June 5, 2020, as a transporter, and eventually became a lead driver.

7.

While driving fellow riders in the company van, Plaintiff was constantly sexually harassed by Lead John White.

8.

Mr. White made daily sexual comments that were directed at Plaintiff and other females in the van, including Regina Bolds and Diamond Lamont. For example, Mr. White asked Plaintiff if he could stick his penis in Plaintiff's rear end and any hole, and he offered Plaintiff money to have sex with him in the back of the van.

9.

On or about November 15, 2020, Plaintiff complained to Tracy Johnson, a supervisor in the office, about the sexual harassment Mr. White subjected her to in the van, including his daily sexual comments.

10.

In response, Ms. Johnson laughed. Ms. Johnson made no effort to stop the sexual harassment Plaintiff was experiencing.

11.

Plaintiff continued to experience sexual harassment, including daily sexual comments from Mr. White. In or around January 2021, another driver, Lamar Pharr, texted Plaintiff and asked her to perform oral sex on him.

12.

Immediately after receiving this text, Plaintiff informed Ms. Johnson that Mr. Pharr had sent Plaintiff a text message asking Plaintiff to perform oral sex on him. Ms. Johnson did nothing to stop the harassment.

13.

On or around March 3, 2021, Plaintiff again complained to Tracy Johnson about the sexual harassment she was experiencing from Mr. White, including daily sexual comments.

14.

Ms. Johnson informed Plaintiff that the company was investigating her complaints, and that she could transfer to Defendant's Manheim, Georgia location.

15.

Plaintiff explained to Ms. Johnson that she could not work at that location because she did not have private transportation, and the location was inaccessible by public transportation. Ms. Johnson replied that Plaintiff could not come into work until the investigation was completed.

16.

Plaintiff was never contacted regarding the investigation, nor did she ever give anyone a statement for the investigation regarding the sexual harassment.

17.

On March 24, 2021, Plaintiff e-mailed Kristie Gable, Vice President of Operations, to inform her of the sexual harassment Plaintiff was experiencing, including the daily sexual comments from Mr. White and Ms. Pharr's sexual text message.

18.

Plaintiff also informed Ms. Gable that Plaintiff had essentially been fired because she had not been contacted to return to work.

19.

On March 26, 2021, Plaintiff followed up with Ms. Gable to inform her that she had not been contacted to return to work, or contacted to give a statement for the investigation.

20.

On March 29, 2021, Plaintiff received an e-mail from Ms. Gable stating that Defendant's HR department had conducted an investigation and could not find any other individuals to support Plaintiff's allegations.

21.

Ms. Gable then stated that she "think it best you seek employment elsewhere," terminating Plaintiff's employment.

22.

Any reason provided for terminating Plaintiff's employment is pretext for unlawful retaliation against Plaintiff because of her protected activity.

23.

Defendant retaliated against Plaintiff in violation of Title VII of the Civil Rights Act of 1964.

24.

Plaintiff has suffered lost wages and emotional distress as a direct result of Defendant's unlawful actions.

## V.     CLAIMS FOR RELIEF

### COUNT I: RETALIATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

25.

Plaintiff re-alleges paragraphs 6-24 as if set forth fully herein.

26.

Plaintiff's complaints and opposition to gender discrimination constitute protected activity under Title VII.

27.

Defendant subjected Plaintiff to adverse action by terminating Plaintiff because of her protected conduct. The adverse action to which Plaintiff was subjected would dissuade a reasonable employee from making or supporting a charge of discrimination.

28.

There was a causal connection between the protected conduct and the adverse actions against Plaintiff.

29.

As a direct and proximate result of Defendant's violations, Plaintiff has suffered economic and non-pecuniary damages.

30.

Defendant willfully and wantonly disregarded Plaintiff's rights, and its actions toward Plaintiff were undertaken in bad faith.

31.

Plaintiff is entitled to punitive damages, lost wages and benefits, compensatory damages, attorneys' fees and costs, prejudgment interest, reinstatement or front pay in lieu thereof, and any other relief available under the law.

## COUNT II: SEX DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964
### (Hostile Environment Claim)

32.

Plaintiff re-alleges paragraphs 6-24 as if set forth fully herein.

33.

Plaintiff is a member of a protected class, i.e., she is a woman.

34.

Plaintiff was subjected to severe, pervasive and unwelcomed sexual harassment because of her sex.

35.

The sexual harassment was sufficiently severe and pervasive to alter the terms and conditions of employment and created a discriminatorily abusive working environment.

36.

Defendant is liable for the sexual harassment of Plaintiff under a theory of vicarious or direct liability.

37.

Defendant has willfully and wantonly disregarded Plaintiff's rights, and Defendant's discrimination against Plaintiff was undertaken in bad faith.

38.

As a direct and proximate result of Defendant's violation of Title VII, Plaintiff has been made the victim of acts that have adversely affected her psychological and physical well-being.

39.

Accordingly, Defendant is liable for the damages Plaintiff has sustained as a result of Defendant's unlawful discrimination. Plaintiff is entitled to recover compensatory damages, including damages for emotional distress.

40.

Defendant acted with malice and in reckless indifference to Plaintiff's federally protected rights. Plaintiff is entitled to punitive damages. Plaintiff is also entitled to attorneys' fees and costs, prejudgment interest, lost wages, and any other relief available under the law.

**WHEREFORE**, Plaintiff prays the court for judgment and relief as follows:

(a) That judgment be entered against Defendant on all claims;

(b) That general damages be awarded for mental and emotional suffering;

(c) Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

(d) Lost wages and other economic damages;

(e) Reasonable attorney's fees and expenses of litigation;

(f) Trial by jury as to all issues;

(g) Prejudgment interest at the rate allowed by law;

(h) Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights;

(i) Injunctive relief prohibiting Defendant from further unlawful conduct of the type described herein; and

(j) All other relief to which she may be entitled.

Respectfully submitted the 3rd day of January, 2022.

**BARRETT & FARAHANY**

 s/ *V. Severin Roberts*
V. Severin Roberts
Georgia Bar No. 940504

1100 Peachtree Street, N.E., Suite 500
Atlanta, GA 30309
(404) 214-0120
(404) 214-0125 Facsimile
severin@justiceatwork.com